## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRP-2 HOLDINGS AA, L.P., | ) | Case No. 15-24683 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | **Hearing Date:** **July 23, 2015** |
| | ) | **Hearing Time:** **9:00 a.m.** |
| | ) | **Court Room:** **619** |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on **July 23, 2015 at 9:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Donald R. Cassling of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, Courtroom No. 619, or whomever may be sitting in his place and stead, and then and there present the **DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§ 105, 361, 362, 363, 507 AND 552, BANKRUPTCY RULES 2002, 4001, 6003, 6004 AND 9014 AND LOCAL RULE 4001-2 (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) SCHEDULING A FINAL HEARING**, a copy of which is attached hereto and hereby served upon you.

Dated: July 21, 2015

Respectfully submitted,

CRP-2 HOLDINGS AA, L.P.

By:  */s/ Joseph D. Frank*
One of its attorneys

Joseph D. Frank (IL No. 6216085)
Frances Gecker (IL No. 619840)
Jeremy C. Kleinman (IL No. 6270080)
Reed Heiligman (IL No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Phone: (312) 276-1400
Fax:    (312) 276-0035
jfrank@fgllp.com
fgeckker@fgllp.com
jkleinman@fgllp.com
rheiligman@fgllp.com

{CRP2/001/00042435.DOC/}

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRP-2 HOLDINGS AA, L.P., | ) | Case No. 15-24683 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS UNDER 11
U.S.C. §§ 105, 361, 362, 363, 507 AND 552, BANKRUPTCY RULES 2002, 4001, 6003, 6004
AND 9014 AND LOCAL RULE 4001-2 (I) AUTHORIZING THE DEBTOR TO USE
CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND
(III) SCHEDULING A FINAL HEARING**

CRP-2 Holdings AA, L.P., the debtor in the above-captioned case (the "Debtor"), hereby

moves (this "Motion") the Court for entry of an interim order (the "Interim Order")[1] and final

order in substantially the form of the Interim Order (the "Final Order"), under sections 105, 361,

362, 363, 507(b) and 552 of title 11 of the United States Code (the "Bankruptcy Code"), Rules

2002, 4001, 6003, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 4001-2 of the Local Bankruptcy Rules for the Northern District

of Illinois (the "Local Bankruptcy Rules") (a) authorizing the use of "cash collateral" as that

term is defined in section 363 of the Bankruptcy Code (which shall include, but not be limited to,

any and all cash of any kind, whether in reserved accounts, blocked accounts or otherwise), in

which U.S. Bank National Association, not in its individual capacity but solely in its capacity as

Trustee for the registered holders of J.P. Morgan Commercial Mortgage Securities Trust 2006-

LDP9, Commercial Mortgage Pass through Certificates Series 2006-LDP9, acting by and

through CW Capital Asset Management LLC as Special Servicer under the Pooling and Service

Agreement, dated as of December 1, 2006 (collectively, the "Lender") has a Lien (as defined

---

[1] A copy of the proposed Interim Order is attached hereto as **Exhibit A**.

below) or other interest, whether existing on the Petition Date (as defined below) or arising pursuant to the contemplated Interim Order or otherwise (the "Cash Collateral"),[2] (b) granting adequate protection to the Lender and any other Secured Parties (each as defined below), (c) modifying the automatic stay imposed under section 362 of the Bankruptcy Code to the extent necessary to permit the Debtor to implement the terms of the Interim Order and the Final Order; and (d) scheduling a final hearing for approval of the Final Order (the "Final Hearing"). In support of the Motion, the Debtor relies upon and incorporates by reference the first-day declaration of Amanda Strong (the "First-Day Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested herein are sections 105, 361, 362, 363, 507(b) and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014 and Local Bankruptcy Rule 4001-2.

## BACKGROUND

3.      The Debtor is a Delaware limited partnership that was formed in May of 2006 for the primary purpose of acquiring and managing real property.  CRP-2 Holdings GP-AA, LLC (the "General Partner") is the general partner of the Debtor. CRP-2 Holdings 2, LLC (the "Limited Partner") is the limited partner of the Debtor.  The General Partner and the Limited

---

[2] As of the Petition Date, Colony Realty Partners II REIT, a non-debtor affiliate, held funds in its account totaling approximately $2.7 million from which it intends to fund certain costs and expenses of the Debtor.  The Debtor believes that these funds are not subject to the liens of the Lender and therefore does not seek authority to use these funds as "Cash Collateral."

Partner are controlled, through a series of intermediate entities, by Colony Realty Partners GP II, LLC. The Debtor currently owns ten properties (each a "Subject Property" and collectively, the "Portfolio") consisting in the aggregate of six office buildings and twenty-six industrial buildings located in and around Chicago, Washington D.C., Boston, and New Jersey). The following table contains further details regarding the Portfolio:

| Subject Property | # of Buildings | Building Type | Cost Basis | Location |
|---|---|---|---|---|
| Corporate Lakes III | 1 | Office | $28.1 million | Lisle, Illinois |
| Highland Atrium | 1 | Office | $10.1 million | Downers Grove, Illinois |
| 1800 Alexander Bell | 1 | Office | $40.7 million | Reston, Virginia |
| 12902 Federal Systems | 1 | Office | $66.1 million | Fairfax, Virginia |
| 371 Hoes Lane | 1 | Office | $19.9 million | Piscataway, New Jersey |
| Reservoir Corporate Center | 1 | Office | $21.6 million | Southborough, Massachusetts |
| CIW – Carol Stream Portfolio | 2 | Industrial/Flex | $5.0 million | Carol Stream, Illinois |
| CIW – Elgin Portfolio | 8 | Industrial/Flex | $29.9 million | Elgin, Illinois |
| CIW – Naperville Portfolio | 5 | Industrial/Flex | $21.9 million | Naperville, Illinois |
| Chicago Infill Portfolio | 11 | Industrial/Flex | $33.0 million | Chicago Area, Illinois |

4.      Additional factual background regarding the Debtor is set forth in the First-Day Declaration.[3]

5.      On July 21, 2015 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Case"). The Debtor continues to manage and operate its business as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case. As of the date hereof, no creditors' committee has been appointed.

**RELIEF REQUESTED**

6.      By this Motion, the Debtor hereby requests entry of an Interim Order authorizing the use of Cash Collateral under the Secured Credit Facility (as defined herein) and granting adequate protection in connection with the use of such Cash Collateral. The Debtor proposes to

---

[3]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First-Day Declaration.

serve a copy of the Interim Order granting this Motion within three (3) business days after entry thereof. The Debtor further requests that the Court set a deadline for filing objections to this Motion and entry of the Final Order thereon, set a final hearing on this Motion, and enter the Final Order on this Motion at or after such final hearing.

## OVERVIEW OF SECURED FACILITIES

7.      In August 2006, in connection with its purchases of the Portfolio, the Debtor obtained financing from JPMorgan Chase Bank, N.A. (the "Original Lender") in the original principal amount of $171,360,000 (the "Secured Credit Facility"). To evidence the Secured Credit Facility, the Debtor and the Original Lender entered into that certain Amended and Restated Loan Agreement dated as of November 30, 2006 (as amended or modified from time to time, the "Existing Credit Agreement" and together with any other related documents pertaining to the Secured Credit Facility, the "Secured Credit Facility Documents"). The Secured Credit Facility was divided into three tranches (each a "Sub Note") with staggered maturities in 2011, 2013, and 2014, respectively. The amounts of each tranche were $67.29 million, $44.34 million and $59.73 million, respectively.

8.      As security for payment and performance of the Debtor's obligations in connection with the Secured Credit Facility (the "Secured Obligations"), the Debtor granted to the Original Lender security interests in the Portfolio. Each Sub Note was secured by a separate collateral pool comprised of specified Subject Properties. Pursuant to the Secured Credit Facility Documents, full payoff of a Sub Note releases the associated Subject Properties from the collateral pool. The 2011 Sub Note was secured by: (i) 12902 Federal Systems, (ii) Corporate Lakes III, (iii) 371 Hoes Lane, and (iv) an industrial property in Houston that has since been sold. The 2013 Sub Note was secured by (i) CIW – Elgin Portfolio, (ii) Reservoir Corporate Center, (iii) CIW – Naperville Portfolio, (iv) Highland Atrium, and (v) CIW – Carol Stream

Portfolio.  The 2014 Sub Note was secured by (i) 1800 Alexander Bell, (ii) Chicago Infill, and (iii) additional properties in Texas and Georgia that have since been sold.

9.      To further secure payment and performance of the Secured Obligations, the Debtor executed, acknowledged and delivered to the Original Lender certain assignments entitled Amended and Restated Assignment of Leases and Rents dated November 30, 2006.  In addition, with respect to each Subject Property other than 12902 Federal Systems, the Debtor entered into certain lockbox and cash management agreements (collectively, the "Lockbox Agreements").  Pursuant to the Existing Credit Agreement and the Lockbox Agreements, the Debtor (i) agreed to deposit or cause to be deposited rents and other income received by or on behalf of the Debtor into applicable lock box accounts and (ii) granted the Original Lender a first priority security interest in such lock box accounts.  Through a series of assignments of the Secured Credit Facility Documents, the Lender became, and remains, the owner and holder of all right, title and interest in and to the Secured Credit Facility Documents, effective as of  20, 2012, secured by, *inter alia,*  the Portfolio, the rents and the Cash Collateral (collectively, the "Prepetition Collateral").

10.      On  26, 2012, but effective as of August 1, 2012, the Debtor and the Lender entered into a certain Loan Modification Agreement ("Modification Agreement"), pursuant to which the Debtor invested an additional $8,500,000 into the Portfolio and the parties agreed, *inter alia*, to modify the then-existing Secured Credit Facility Documents by initially amending the definition of "Maturity Date" to mean, with respect to each Sub Note "December 1, 2014" or "such other date on which the final payment of principal of the Note becomes due and payable . . . whether at such stated maturity date, by acceleration, or otherwise."  Under the Modification Agreement, the Debtor has the option to further extend the maturity date of each Sub Note to December 1, 2015 and, subsequently, to December 1, 2016 under the conditions described therein.  The Debtor has not exercised these

options.  In addition, pursuant to the Modification Agreement, each Sub Note was collateralized by the entire Portfolio so that, in effect, there is now a single loan secured by the entire Portfolio.

11.     As of July 30, 2015, the outstanding balance of the Secured Obligations is equal to approximately $163,723,800 including principal and interest.  The Debtor estimates the current value of the Portfolio at approximately $170 million.[4]  Because the Debtor is unaware of any other secured debt outstanding as of the Petition Date, and estimates its current tax liabilities at approximately $1.3 million and estimates that its general unsecured liabilities total approximately $1.5 million, the Debtor believes there is substantial equity in the Portfolio.

## CONCISE STATEMENT OF RELIEF REQUESTED[5]

12.     In accordance with Bankruptcy Rule 4001(b) and Local Bankruptcy Rule 4001-2, the following is a summary of the relief requested and set forth in the proposed form of Interim Order, together with references to the applicable sections of the Interim Order.[6]

---

[4]     In the second and third quarter of 2014, the Debtor obtained an appraisal of the Subject Properties at a value equal to $169,790,000, which included $9,389,000 of cash in escrow.

[5]     The description of the terms of the proposed Interim Order provided in this Motion is intended only as a summary.  In the event of any inconsistency between the descriptions set forth herein and the terms of the Interim Order, the terms of the Interim Order will govern.

[6]     The Debtor intends that the terms of the Final Order will be substantially similar to the terms of the Interim Order.

| | |
|---|---|
| **Entities with Interest in the Cash Collateral** *Bankruptcy Rule 4001(b)(1)(B)(i)* | The Lender under the Secured Credit Facility (Interim Order, Section F) |
| **Purposes for Use of Cash Collateral** *Bankruptcy Rule 4001(b)(1)(B)(ii); Local Bankruptcy Rule 4001-2(a)(1)* | The use of Cash Collateral by the Debtor will be limited to the cash payment of operating costs and expenses (including, but not limited to, management fees), fees owed to the United States Trustee, and restructuring expenses, including professional fees and expenses, pursuant to and consistent with the budget attached to the proposed Interim Order (the "Budget"). The Debtor believes that the Budget will be adequate, considering all available assets, to pay all administrative expenses due or accruing during the period covered by the Budget. (Interim Order, Sections 2 and 3) |
| **Material Terms: Duration and Use of Cash Collateral** *Bankruptcy Rule 4001(b)(1)(B)(iii)* | The Interim Order contemplates use of Cash Collateral through the week ending August 14, 2015. (Interim Order, Sections 2 and 5). |
| **Material Terms: Termination Events** *Bankruptcy Rule 4001(b)(1)(B)(iii); Local Bankruptcy Rule 4001-2(a)(10)* | The passing of seven (7) business days (except in instances where a longer period is specifically indicated) after written notice (which may be given electronically) to the Debtor of the occurrence of any of the following shall constitute a "Termination Event": <br> (a) The Chapter 11 Case shall be dismissed or converted to a chapter 7 case, or a chapter 11 trustee or an examiner with expanded powers pursuant to section 1106(b) shall be appointed in the Chapter 11 Case; or <br> (b) The Debtor fails to comply with any other provision of the Interim Order or Final Order and such failure shall continue unremedied for ten (10) business days following written notice (which may be given electronically). <br> (Interim Order, Sections 5 and 6) |
| **Liens, Cash Payments or Adequate Protection Provided for Use of Cash Collateral** *Bankruptcy Rule 4001(b)(1)(b)(iv); Local Bankruptcy Rule 4001-2(a)(6)* | (a) The Lender shall be granted: <br> i. Subject to the superpriority claims provided for in the Carve-Out, allowed senior administrative expense claims ("Superpriority Claims") with priority over any and all administrative expenses, adequate protection claims and all other claims against the Debtor, now existing or hereafter arising, of any kind whatsoever, as provided under section 507(b) of the Bankruptcy Code. The Superpriority Claims shall be payable from all property of the Debtor's estate except avoidance actions under Chapter 5 of the Bankruptcy Code and the proceeds thereof (Interim Order, Section 7(a)). <br> ii. Subject to the Carve-Out, adequate protection liens, including replacement liens, liens on any unencumbered property (provided that unencumbered property shall not include |

| | |
|---|---|
| | avoidance actions under Chapter 5 of the Bankruptcy Code or the proceeds thereof), and junior liens on prepetition and postpetition property subject to any existing liens (collectively, the "Adequate Protection Liens").  (Interim Order, Section 7(b)). |
| | (b) The Adequate Protection Liens will not be (i) subject or subordinate to any lien or security interest that is avoided and preserved for the benefit of the Debtor and its estate under section 551 of the Bankruptcy Code or (ii) except for the Carve-Out or as otherwise provided in the Interim Order or Final Order, subordinated to or made pari passu with any other lien or security interest under sections 363 or 364 of the Bankruptcy Code or otherwise.  (Interim Order, Section 7(c)). |
| | (c) The Debtor shall permit representatives, agents and/or employees of the Lender upon prior notice to have reasonable access to the Debtor's personnel and provide to such persons all such non-privileged information as they may reasonably request from time to time. (Interim Order, Section 9) |
| **Modification of the Automatic Stay** *Bankruptcy Rule 4001(b)(1)(B)(iii); Local Bankruptcy Rule 4001-2(a)(10)* | The automatic stay is modified as necessary to effectuate all the terms of the Interim Order, including the granting of liens contemplated by the Interim Order. (Interim Order, Section 16) |

| | |
|---|---|
| **Carve Out**<br>*Bankruptcy Rule 4001(b)(1)(B)(iii); Local Bankruptcy Rules 4001-2(a)(5)and 4001-2(d)* | The liens and claims of or granted to the Lender in the Interim Order will be subject and subordinate to the payment, without duplication, of the following fees and claims (the amounts set forth below, together with the limitations set forth therein, collectively, the "Carve-Out"):<br>(a) the claims of the respective retained professionals of the Debtor and any statutory committee appointed in this Chapter 11 Case (collectively, the "Retained Professionals") for fees and expenses incurred at any time on and after the Petition Date and prior to the occurrence of a Termination Event; provided that, in each case, such fees and expenses of the Retained Professionals are ultimately allowed on a final basis by this Court under sections 327, 328, 330, 331 or 363 of the Bankruptcy Code. (Interim Order, Section 10(a)).<br>(b) (i) the claims of the Retained Professionals for fees and expenses which were incurred on and after the occurrence of a Termination Event; provided that, in each case, such fees and expenses of the Retained Professionals are ultimately allowed on a final basis by this Court under sections 327, 328, 330, 331 or 363 of the Bankruptcy Code and do not exceed $1,000,000 in the aggregate plus (ii) the fees and expenses incurred by any professionals engaged by any successor to the Debtor, including, without limitation, any trustee appointed under chapter 11 or 7 of the Bankruptcy Code or any examiner with expanded powers, in an aggregate amount not to exceed $100,000. (Interim Order, Section 14(a))<br>(c) the unpaid fees payable to the United States Trustee and Clerk of the Bankruptcy Court pursuant to section 1930 of title 28 of the United States Code. (Interim Order, Section 14(c)). |
| **Preservation of Rights**<br>*Bankruptcy Rule 4001(b)(1)(B) (iii); Local Bankruptcy Rule 4001-2(f)* | Any and all rights of the Debtor, any statutory committee of unsecured creditors, or any other party in interest to contest the extent, validity, priority or perfection of any and all liens of the Lender, to contest the amount of the Lender's asserted claims, to seek the avoidance, recharacterization or subordination of the Lender's claims or interests, to seek the avoidance of any transfer to Lender or to otherwise contest the claims, rights and liens of the Lender by any party in this Chapter 11 Case are preserved, and nothing in the Interim Order shall prejudice any party asserting any such challenge; provided that the Debtor and any statutory committee of unsecured creditors shall each have standing to bring any such challenge, and each may do so on or before sixty (60) days from the date of entry of the Final Order (the "Challenge Period Expiration Date"), or such challenge shall be deemed waived, released and forever barred, provided, that nothing herein shall limit the right of any party in interest to object to the Lender's secured claims under section 506 of the Bankruptcy Code based on the value of the collateral therefor or to seek reallocation of any payment hereunder based on the collateral therefor. (Interim Order, Section 13). |

## BASIS FOR RELIEF

### A.    The Use of Cash Collateral Is Necessary

13.    The use of cash that constitutes the collateral of the Lender is essential to the Debtor's day-to-day operations.  As of the Petition Date, without access to the Cash Collateral, the Debtor would have insufficient liquidity to continue to operate its business and pay restructuring costs associated with its Chapter 11 Case.  The Debtor's access to the Cash Collateral therefore is necessary to ensure that the Debtor has sufficient working capital and liquidity to operate its business and thus preserve and maintain the going concern value of the Debtor's estate.

14.    Accordingly, the need for the immediate use of Cash Collateral pending the final hearing is critical.  The Debtor and its estate will suffer irreparable harm if such use is not immediately authorized.  The Debtor submits that the terms and conditions set forth in the Interim Order and Final Order (a) are, taken as a whole, fair and reasonable under the circumstances; (b) reflect the Debtor's reasonable exercise of business judgment consistent with its fiduciary duties; and (c) are supported by reasonably equivalent value and fair consideration. Accordingly, the relief is warranted under the circumstances.

### B.    The Lender's  Interests are Adequately Protected

15.    The Debtor believes that the Lender is adequately protected in connection with the Debtor's proposed use of Cash Collateral.   What constitutes adequate protection is determined on a case-by-case basis. Although the Bankruptcy Code does not define the term "adequate protection," it provides a non-exhaustive list of types of adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in such property. *See* 11 U.S.C. § 361.  Specifically, section 361 of the Bankruptcy Code provides the following non-exclusive examples of what may constitute adequate protection:

(1)    requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the . . . use . . . under section 363 . . . results in a decrease in the value of such entity's interest in such property.

(2)    providing to such entity an additional or replacement lien to the extent that such . . . use . . . results in a decrease in the value of such entity's interest in such property; or

(3)    granting such other relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

Id.

16.    Essentially, the Bankruptcy Code intends "adequate protection" to shield a secured creditor from diminution in the value of its interest in the particular collateral during the period of use by the debtor. In re Pine Lake Vill. Apartment Co., 19 B.R. 819, 825-26 (Bankr. S.D.N.Y. 1982) (noting that a secured creditor has the right to receive adequate protection for any decline in value of its collateral). The Debtor's requested use of Cash Collateral and the protections afforded the Lender, in light of the circumstances, are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection" and will serve to maintain the value of the Prepetition Collateral.

17.    As set forth above, the Lender's Cash Collateral will be used to sustain the Debtor's business operations. If Cash Collateral was not available for this purpose, the Debtor would not have the ability to maintain its operations. The Court's authorization of the use of Cash Collateral, therefore, will protect the Lender's security interests by preserving the value of its collateral. In re Cardinal Indus. Inc., 118 B.R. 971, 981 (Bankr. S.D. Ohio 1990) (ruling that secured lenders were adequately protected by debtor's use of funds to maintain and manage encumbered properties).

18.    Courts recognize that the preservation of the going concern value of secured lenders' collateral constitutes adequate protection of such creditors' interest in the collateral. See,

e.g., In re 499 W. Warren St. Assocs., Ltd. P'ship, 142 B.R. 53, 56 (Bankr. N.D.N.Y. 1992) (finding a secured creditor's interest in collateral adequately protected when cash collateral was applied to normal operating and maintenance expenditures on the collateral property); In re Stein, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982) (creditors' secured position would be enhanced by the continued operation of the debtor's business); and In re Pursuit Athletic Footwear, Inc., 193 B.R. 713, 716 (Bankr. D. Del. 1996) (holding that if there is no actual diminution of value of collateral and the debtor can operate profitably postpetition, then the secured creditor is adequately protected).

19.     Further, the Bankruptcy Code expressly provides that granting a replacement lien is a means of adequate protection.  11 U.S.C. § 361(2).  Granting replacement liens provides adequate protection of secured creditors' interest in cash collateral.  See In re Island Helicopter Corp., 63 B.R. 515, 523 (Bankr. E.D.N.Y. 1986) (holding that secured party was adequately protected when granted replacement liens on new helicopters and components).  Here, the Debtor will adequately protect the Lender's interests in the Prepetition Collateral, including the Cash Collateral by, among other things, granting the Adequate Protection Liens, which consist not only of replacement liens but also liens on any unencumbered prepetition and postpetition property of the Debtor, and junior liens on the Debtor's prepetition and postpetition property subject to existing liens.

20.     The Lender will also be granted allowed administrative expense claims having priority specified in section 507(b) of the Bankruptcy Code.  These claims provide the Lender with additional adequate protection.

21.     For the foregoing reasons, the Debtor's requested use of Cash Collateral and the protections provided to the Lender in order to protect the Lender's interests in the Prepetition

Collateral are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection."

## MODIFICATION OF THE AUTOMATIC STAY

22.    Section 362 of the Bankruptcy Code provides for an automatic stay upon the filing of a bankruptcy petition. The Interim Order contemplates a modification of the automatic stay (to the extent applicable) to permit the Debtor to (i) grant the security interests, liens, and superpriority claims described above and to perform such acts as may be requested to assure the perfection and priority of such security interests and liens and (ii) implement the terms of the proposed Interim Order and Final Order.[7]

23.    Stay modification provisions of this kind are ordinary and standard features of post-petition debtor-in-possession cash collateral orders, and are, in the Debtor's business judgment, reasonable under the present circumstances. Accordingly, the Debtor respectfully requests that the Court authorize the modification of the automatic stay in accordance with the terms set forth in the proposed Interim Order and Final Order.

## IMMEDIATE RELIEF IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM

24.    Bankruptcy Rule 4001(b)(2) governs the procedures for obtaining authorization to use cash collateral and provides, in relevant part:

> The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion.  If the motion so requests, the court may conduct a preliminary hearing before such 14-day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

---

[7] The statement required pursuant to Local Bankruptcy Rule 4001 is attached hereto as **Exhibit B**.

Fed.R.Bankr.P. 4001(b)(2).

25.     Local Bankruptcy Rule 4001-2(g) also requires that the Debtor show that immediate or irreparable harm will be caused to the Debtor's estate if immediate relief is not granted before the final hearing.  It is indisputable, based on the record before the Court, that the Debtor has an immediate need to use the Cash Collateral.  Accordingly, the Debtor requests that the Court conduct a preliminary hearing on the Motion and authorize the Debtor, from the entry of the Interim Order until the Final Hearing, to use Cash Collateral and obtain the necessary credit to avoid irreparable harm to its estate.

## REQUEST FOR FINAL HEARING

26.     Pursuant to Bankruptcy Rule 4001(b)(2), which requires that a final hearing on a motion to use cash collateral be commenced no earlier than 14 days after service of the motion, the Debtor requests that the Court schedule the final hearing for a date that is as soon as practicable, but in no event later than 21 days following the entry of the Interim Order, and establish the deadline prior to the final hearing for parties to file objections to the Motion pursuant to the terms of the Interim Order.

## NOTICE

27.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Northern District of Illinois; (b) the Debtor's twenty (20) largest unsecured creditors; (c) the Internal Revenue Service; (d) the Lender; (e) all other known parties asserting liens against the Debtor's assets; and (f) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1 (the "Initial Notice Parties").  The Debtor submits that no other or further notice need be provided.

28.     The Debtor further respectfully requests that the Court schedule the Final Hearing and authorize it to mail copies of the signed Interim Order, which fixes the time, date and

manner for filing objections to (a) the Initial Notice Parties, (b) counsel to any statutory committees appointed in this Chapter 11 Case, and (c) any party who filed a request for notices in these Chapter 11 Case pursuant to Bankruptcy Rule 2002 at least three (3) business days prior to the date set forth in the Interim Order for the Final Hearing.

## NO PRIOR REQUEST

29.     No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: July 21, 2015

Respectfully submitted,

CRP-2 HOLDINGS AA, L.P.

By:   /s/ Joseph D. Frank
          One of its proposed attorneys

Joseph D. Frank (IL No. 6216085)
Frances Gecker (IL No. 6198450)
Jeremy C. Kleinman (IL No. 6270080)
Reed Heiligman (IL No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Phone: (312) 276-1400
Fax:     (312) 276-0035
jfrank@fgllp.com
fgecker@fgllp.com
jkleinman@fgllp.com
rheiligman@fgllp.com

## CERTIFICATE OF SERVICE

I, Reed Heiligman, an attorney, hereby certify that on **July 21, 2015**, a true and correct copy of **DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§ 105, 361, 362, 363, 507 AND 552, BANKRUPTCY RULES 2002, 4001, 6003, 6004 AND 9014 AND LOCAL RULE 4001-2 (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) SCHEDULING A FINAL HEARING**, was filed electronically. Notice of the filing, together with a true and correct copy of the motion, will be served in the manner indicated below.  In addition, a true and correct copy was served upon the parties listed on the attached Manual Service List via first class United States mail, postage prepaid.


_____ */s/ Reed Heiligman* _____


## VIA FEDERAL EXPRESS OVERNIGHT DELIVERY AND EMAIL

U.S. Bank National Association
c/o CWCapital Asset Management LLC
Attn:  Keith Michael Brandofino
Maximiliano Rinaldi
Jim Pulliam
Kilpatrick Townsend & Stockton LLP
1114 Avenue of the Americas
New York, NY  10036
kbrandofino@kilpatricktownsend.com
mrinaldi@kilpatricktownsend.com
Jpulliam@kilpatricktownsend.com

{CRP2/001/00042435.DOC/}

## SERVICE LIST

## VIA FEDERAL EXPRESS OVERNIGHT DELIVERY

U.S. Bank National Association
c/o LNR Partners, LLC
Attn:  Director of Servicing
1601 Washington Ave.
Miami Beach, FL  33139

Bilzin Sumberg, et al.
Attn:  Margie C. Nealon
1450 Brickell Ave., Suite 2300
Miami, FL  33131

U.S. Bank National Association
Attn:  Bankruptcy Department
425 Walnut Street
Cincinnati, OH  45202

CWCapital Asset Management LLC
7501 Wisconsin Avenue, Suite 500 West
Bethesda, MD 20814

Colliers Int'l Asset & Property
6250 N. River Rd.
Ste.11-100
Des Plaines, IL 60018

Colliers Int'l New England LLC
160 Federal St.
Boston, MA 02110

Conopco, Inc.
5407 Trillium Blvd.
#250
Hoffman Estates, IL  60192

Cook County Treasurer
118 N. Clark
Suite 112
Chicago, IL 60602

Direct Energy Business
1001 Liberty Ave.
Pittsburgh, PA 15222

Draper & Kramer, Inc.
33 W. Monroe #1900
Chicago, IL 60603

DuPage County Collector
421 N. County Farm Rd.
Wheaton, IL 60187

Edgley Construction Group Inc.
12081 Tech Road
Silver Spring, MD 20904

Evergreen Janitorial Servs., Inc.
42020 Village Center Plaza
Ste. 120-188
Stone Ridge, VA 20105

Fairfax Department of Tax
12000 Government Center Pkwy.
Fairfax, VA 22035

Fox Architects, LLC
8624 Westpark Dr., #620
Mc Lean, VA 22102

Harvard Maintenance, Inc.
59 Maiden Lane, 17th Flr.
New York, NY 10038

## SERVICE LIST

## VIA FEDERAL EXPRESS OVERNIGHT DELIVERY

Jones Lang LaSalle
Americas, Inc.
200 E. Randolph Dr.
Chicago, IL 60601

Martone Construction
Management
5165 MacArthur Blvd. #A
Washington, DC 20016

Town of Southborough
17 Common Street
Southborough, MA 01722

Cassidy Turley Commercial Real Estate
Attn:  Amanda Betlack
55 West Plaza
Suite 600
St. Louis, MO 63146

K&M Concrete, Inc.
Attn:  Kent Williams
311 N. 2nd St., Suite 201-C St.
Charles, IL  60174

Lincoln Property Company
Attn:  Alison Morgan
530 Wilson Blvd., Suite 200
Arlington, VA 22209

A.I.R. Conditioning Services LLC
8610 Kip Dr.
Owings, MD 20736

Kane County Treasurer
719 S. Batavia Ave.
Geneva, IL 60134

OnX Managed Services, Inc.
2200 Cabot Drive
Suite 450
Lisle, IL 60532

Township of Piscataway
455 Hoes Lane Municipal Complex
Piscataway, NJ 08854

Fair Lakes League Inc.
Attn:  Shameka Wright
12500 Fair Lakes Circle
Suite 400
Fairfax, VA  22033

Lake County Collector
Attn:  David Stolman
18 N. County Street
Suite 102
Waukegan, IL 60085

Plex Systems Inc.
900 Tower Drive, Suite 1400
Troy, MI 48098

American Landscape LLC
586 S. Middle Bush Rd.
Somerset, NJ 08873

{CRP2/001/00042435.DOC/}

# Manual Service List

## Via First Class U.S. Mail

M. Gretchen Silver
Office of the United States Trustee
U.S. Department of Justice
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604

Internal Revenue Service
Mail Stop 6010 CHI
230 South Dearborn Street
Chicago, IL 60604

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

7701 Southern Dr. Holdings-2 LLC
3190 Fairview Dr., Ste. 102
Falls Church, VA 22042

A.I.R. Conditioning Services, LLC
8610 Kip Dr.
Owings, MD 20736

Adcocks Systems LLC
11954 Motley Pl.
Waldorf, MD 20602

Accruent LLC
10801-2 N. MO PAC Expy.
Ste. 400
Austin, TX 78759-5458

Advanced Disposal Services
4612 W Lake St.
Melrose Park, IL 60160

Advanced Fire Protection Sys. LLC
2340 Monumental Ave.
Baltimore, MD 21227

Aetna Corp
175 Brookline Street
Cambridge, MA. 02139

Amanda Blackburn
161 Worcester Rd.
Framingham, MA

American Disposal Services
10370 Central Park Dr.
Manassas, VA 20110

American Landscape LLC
586 South Middlebush Rd.
Somerset, NJ 08873

Amling's and Sylvia's Flowers
1820 N. Arlington Heights Rd.
Arlington, IL 60004

Ansaphone Service, Inc.
1212 Hancock Street, #210
Quincy, MA 02169

Anderson Lock
850 E Oakton St.
Des Plaines, IL 60018

Anderson Pest Control
501 W Lake Street Ste. 204
Elmhurst, IL 60126-1419

Angus Systems Group, Inc.
1125 Leslie Street
Toronto, ON M3C 2J6 CANADA

Anita Johnson
3190 Fairview Dr., Ste. 102

{CRP2/001/00042435.DOC/}

Falls Church, VA  22042
Ansaphone Service, Inc.
1212 Hancock Street, Ste. 210
Quincy, MA 02169

Arclight Information Tech. LLC
7 Faneuil Marketplace
3rd Fl
Boston, MA 02109

ASAS, LLC
c/o Chemplate
1800 Touhy Ave.
Elk Grove Village, IL 60007

ASCE Foundation
1801 Alexander Bell Dr.
Reston, VA  20191

AT&T
4513 Western Avenue
Lisle, IL 60532

Avaya Financial Services
901 N. Lake Destiny Rd., Ste.376
Maitland, FL  32751

Backflow Technology LLC
P.O. Box 1575
Sterling, VA  20167-8459

Bald Eagle Window Cleaning
20 E. Canterbury
Buffalo Grove, IL 60089

Bell Fuels, Inc.
1515 Creek Dr.
Morris, IL 60450-6857

BH Securities Inc.
10 Progress Street
Union, NJ 07083

Bilzin Sumberg, et al.
Attn:  Margie C. Nealon
1450 Brickell Ave., Suite 2300

Miami, FL  33131
Bogush Inc
190 Main Avenue
Wallington, NJ 07057

Brasco, Inc.
1092 Bluff City Blvd.
Elgin, IL 60532

Burton & Associates
9618 Park St.
Manassas, VA  20110

Cadwell Products Company, Inc.
3 Kuniholm Dr.
Holliston, MA  01746

C Bartley Landscaping
324 Airport Rd.
Bedminster, NJ 07921

Cablevision of Raritan Valley
PO Box 371378
Pittsburgh, PA 15250

Cannon Design, Inc.
Department Chicago 19824
Palatine, IL 60055-9824

Carts of Chicago Catering Inc.
970 Criss Circle
Elk Grove Village, IL 60007

Cassidy Turley Comm'l Real Estate
55 Westport Plaza, Ste. 600
St. Louis, MO  63146

Chadwick Washington Moriarty
3201 Jermantown Rd. Ste. 600
Fairfax, VA  22030

Chemwise Pest Control
2600 Beverly Dr.
Aurora, IL 60502

Cherry Logistics Corp
301 Airport Rd.
North Aurora, IL 60542

Christopher Glass & Aluminum
3014 W. Fillmore St.
Chicago, IL 60612

Cintas No. 69
1201 W. St. Charles Rd.
Maywood, IL 60153

Cintas Corp. No. 145
9022 Euclid Ave.
Manassas, VA  20110

CIT
21146 Network Place
Chigago, IL 60673-1211

Citywide Printing
420 Lee Street
Des Plaines, IL 60016

Clarion Fire Protection
84 Lincoln St.
Boston, MA 02135

Colliers Int'l Asset & Property
6250 North River Rd., Ste 11-100
Rosemont, IL 60018

Columbia Wireless Facilities LLC
9410 Holland Ave.
Bethesda, MD  20814

Commercial Lighting Co.
P.O. Box 270651
Tampa, FL  33688

Commercial Products & Services
1580 Reed Rd.
Pennington, NJ 08534

Comprehensive Roof Maintenance, Inc.
1808 Beach
Broadview, IL 60155

Confires Fire Protection Services
910 Oak Street Avenue, Ste. J
South Plainfield, NJ  07060

Conopco, Inc.
5407 Trillium Blvd.
#250
Hoffman Estates, IL  60192

Constellation New Energy
100 Constallation Way, Ste. 500
Baltimore, MD 21202

Control Engineering-BAS Maintenance
3733 N. Ventura Dr.
Arlington Heights, IL 60004

Control Point Mechanical
151 Memorial Dr.
Shrewsbury, MA 01545

Cook County Treasurer
118 N. Clark
Suite 112
Chicago, IL 60602

County of Fairfax
Dept. of Tax Admin.
12000 Government Center Pkwy.
Fairfax, VA  22035

CRP 2 Crown Ridge LLC
4035 Ridgetop Rd.
Fairfax, VA 22030

CRP-3 Fairview Park LLC
3190 Fairvew Dr., Ste. 102
Falls Church, VA  22042

D&M Realty
454 E. 46th Place

Ste 300
Chicago, IL 60653

Darling International, Inc.
3000 Wireton Rd
Blue Island, IL 60406

Datawatch Systems Inc.
4401 East West Hwy.
Ste. 500
Bethesda, MD  20814

DDG Virginia Engineering PC
3201 Jermantown Rd., Ste. 690
Fairfax, VA 22030

Deer Park Water
6661 Dixie Hwy., Ste. 615
Louisville, KY  40218

Direct Energy Business
1001 Liberty Avenue
Pittsburgh, PA 15222

Dominion Glass & Mirror Inc.
14707 Willard Rd., #B
Chantilly, VA 20151

Dominion Virginia Power, Inc.
1113 Fairfax Blvd.
Fairfax, VA  22030

DSCI Corp.
303 Wyman St.
Waltham, MA 02451

DuPage County Collector
421 N. County Farm Rd.
Wheaton, IL 60187

E. Sam Jones Distrib., Inc.
4898 S. Atlanta Rd.
Atlanta, GA 30080

Edgley Construction Group Inc.
12081 Tech Rd.

Silver Spring, MD  20904

Edison Lock & Door
P.O. Box 994
Piscataway, NJ  08854

Emerald City Graphics
23328 66th Avenue South
Kent, WA 98032

Evergreen Janitorial Services Inc.
42020 Village Center Plaza
Ste. 120-188
Stone Ridge, VA  20105

Eversource Energy
800 Boylston St.
Boston, MA  02199

Eversource Energy
P.O. Box 660369
Dallas, TX 75266-0369

F&W Pest Control
190 Industrial Rd.
Suite 5
Wrentham, MA 02093

Fair Lakes League Inc.
12500 Fair Lakes Circle
Ste. 400
Fairfax, VA  22033

Fairfax Water
8570 Executive Park Ave
Fairfax, VA 22031

FedEx
Lockbox 360353, Rm. 154-045
500 Ross Street
Pittsburgh, PA 15262

Fedex Express
942 South Shady Grove Rd.
Memphis, Tennessee  38120

Ferrari Enterprises
229 Mill Street NE
Vienna, VA  22180

First Place Finisher LLC
1309 North Wells Street, Ste. 806
Chicago, IL 60610

Foliage Design System of NNJ
P.O. Box 73
Haworth, NJ  07641

Four Seasons Greenery
31 Mill Rd.
Littleton, MA 01460

Four Seasons Lawn Service
 & Landscaping, Inc
17 W 360 Karban Rd.
Oakbrook Terrace, IL 60181

Fox Architechts LLC
8684 Westpark Dr.
Ste. 620
McLean, VA  22102

Freestate Electrical Service Company
13335 Mid Atlantic Blvd.
Laurel,  MD  20708

Chris George
221 Oak St., Box 168
Brockton, MA  02301

Mintz, Levin, Cohen Ferris Glovsky &
Popeo P.C.
One Financial Center
655 Atlantic Ave.
Boston, MA  02111

Grainger
2701 Ogden Ave
Downers Grove, IL 60515-1704

Grainger
475 E. Algonquin Rd.
Arlington Heights, IL 60005-4620

GreatAmerica Financial Services
625 First Street SE
Ste. 800
Cedar Rapids, IA 52401

Greens by White, Inc.
13833 W Boulton Blvd.
Lake Forest, IL 60045

Greg Alton
5052 Bigeye Ct.
Waldorf, MD 20603

Ground Pros Inc.
1470 Industrial Dr.
Itasca, IL 60143

Harvard Maintenance, Inc.
59 Maiden Lane, 17th Floor
New York, NY 10038

Hinckley Springs
6750 Discovery Blvd.
Mebleton, GA 30126

H-O-H Water Techonology, Inc.
500 S. Vermont St.
Palatine, IL  60067

Hydrotech Services
38B George Leven Dr.
North Attleboro, MA 02760

Image Technology Specialists, Inc.
70 Shawmut Rd.
Canton, MA 02021

IMG Technologies, Inc.
8019 Solutions Center
Chicago, IL 60677-8000

Industrial Cooling Corporation
70 Liberty Street
Metuchen, NJ 08840

Integrated Security, Inc.
369 Central Street
Unit No. 9
Foxboro, MA 02035

Interwork Architects, Inc
1200 Shermer Rd., Ste. 202
Northbrook, IL 60062

ITC Inc.
230 E. Lakewood Blvd.
Holland, MI 49424

J & B Mechanical, Inc.
128 West Pratt Blvd.
Schaumburg, IL 60172-5011

John's Sewer & Pipe Cleaning Inc.
16 Latern Lane
Burlington MA 01803

Jones Lang  LaSalle Americas Inc.
200 East Randolph Dr.
Chicago,  IL 60601

Jones Lang LaSalle Americas Inc.
71700 Treasury Center
Chicago IL 60694

Jones Lang LaSalle Americas Inc.
3190 Fairview Dr.
Falls Church, VA  22042

Jones Lang LaSalle Americas, Inc.
4035 Ridge Top Rd.
Fairfax, VA  22030

K&M Concrete, Inc.
311 N. 2nd St. Ste. 201-C
St. Charles, IL 60174

Kamrowski Refinishing Co., Inc.
12 Bradford Rd.
Framingham, MA  01701

Kane County Treasurer
719 S. Batavia Ave
Geneva, IL  60134

Karpouzis Comm'l Refrigeration
875 Waverly Street
Framimgham, MA 01702

Katco Development, Inc.
415 S. William St.
Mount Prospect, IL 60056

Kelly Oyekoya
10 Juniper Ridge
Ayer, MA 01432

Klean-Ko, Inc.
960 N. Lombard Rd.
Lombard, IL 60148

Konica Minolta Bus. Solutions USA
21146 Network Place
Chicago, IL 60673-1211

Lakeside Sewerage Service Inc.
780 N. Bigelow St.
Marlborough, MA  01752

Lake County Collector
18 N County Street, Ste. 102
Waukegan, IL 60085-4361

Lee Quigley
700 Rockmead Dr., Ste. 216
Kingwood TX 77339-2111

Liberty Elevator Corporation
63 E. 24th Street
Paterson, NJ 07514

Light Shed Corporation
16308 107th Ave. #9
Orland Park, IL  60467

Lincoln Property Co.
1530 Wilson Blvd.
Ste. 200
Arlington, VA 22209

Liston & Tsantilis P.C.
33 N LaSalle, Ste. 2500
Chicago, IL 60602

Mach Energy
P.O. Box 10248
Oakland, CA  94610

Mark's Plumbing Parts
3312 Ramona Dr.
Ft. Worth, TX 76121

Martone Construction Management
5165 MacArthur Blvd. #A
Washington, DC  20016

Masterfax & Copier Source Inc.
5285 Shawnee Rd.
Ste. 115
Alexandria, VA  22312

Metalstone Technologies, LLC
180 2nd Street
Chelsea, MA 02150

Michel Gaillardetz
161 Worcester Rd.
Framingham, MA 01701-5352

Miller's Office Products, Inc.
8600 Cinder Bed Rd
Lorton, VA 22079

Mimosa Interior Landscape
500 Bonnie Lane

Elk Grove Village, IL 60007

Mintz Levin
1 Financial Center
Boston, MA 02111

Mintz Levin Cohen Ferris Glovsky
655 Atlantic Ave.
Boston, MA  02111

Mintz, Levin, Cohn, Ferris
One Financial Center
Boston, MA 02111

Nalco Company
1601 W. Diehl Rd.
Naperville, IL 60563

Neuco, Inc.
5101 Thatcher Rd.
Downers Grove, IL  60515

Northeast Material Handling, Inc.
38 Prince Ave.
Lowell, MA  01852

OnX Managed Services, Inc.
2200 Cabot Dr.
Ste. 450
Lisle, IL 60532

Parkway Elevators, Inc
1001 W. Grand Ave
Chicago, IL 60642-6691

PCS Industries
7979 W 183rd St, Ste. C
Tinley Park, IL 60477

Pieros Construction Co., Inc.
58 Tannery Rd.
Somerville, NJ  08876

Pitney Bowes Inc.
2225 American Dr.
Neenah, WI  54956

Plex Systems Inc.
900 Tower Dr.
Ste. 1400
Troy, MI 48098

Power Services Inc.
5800 Woodcliff Rd.
Ste. 108
Bowie, MD 20720

ProgramOne
960 Rand Rd. #102
Des Plaines, IL 60016

Property Logic LLC
2000 McKinney Ave
Ste. 1000
Dallas, TX 75201

PSE&G Co
80 Park Plaza
Newark, NJ 07101

Purchase Power
3001 Summer St.
Stamford, CT 06926

R&J Control Inc.
58 Harding Avenue
Dover, NJ 07801

Raritan Building Services Corp
2 Gourmet Lane
Ste. 2-600
Edison, NJ 08837

Red Oak Landscaping
4 Valley View Rd.
Woburn, MA 02452

Republic Services
144 Turnpike Street
Ste. 230
Southborough, MA 01722

Republic Services
2608 South Damen Ave.
Chicago, IL 60608

Schroeder Ace Hardware
837 S Westmore-     Meyers Rd.
Lombard, IL 60148

Service Building Maint., Inc.
770 N. Church Rd.
Elmhurst, IL 60126

Shonte Gulley
3190 Fairview Dr., Ste. 102
Falls Church, VA 22042

Signius Communications
1333 Gateway Dr.
Ste. 1014
Melbourne, FL 32901

Skyline Business Forms
1110 W. Hunting ct.
Palatine, IL 60067

Smithereen
7400 N Melvina Ave
Niles, IL 60714

Specialty Water
535 Delkir Court
Naperville, IL 60565-4166

Sprint
5040 Riverside Dr.
Irving, TX 75039

Sprint Spectrum LP
6200 Sprint Parkway
Overland Park, KS 66251

Standard Building Services
1340 Enterprise Dr., Unit 3
Romeoville, IL 60446

Stanley Elevator Co., Inc.
Nine Henry Clay Dr.
Merrimack, NH 03054

Staples Business Advantage
Lockbox Services
83689 Collection Center Dr.
Chicago, IL 60693

State Cleaning Service, Inc.
19 Keaney Rd.
Needham, MA 02494

Suburban Door Check & Lock Service
415 W. Ogden Ave.
Westmont, IL 60559

Sullivan & McLaughlin Companies, Inc.
74 Lawley Street
Boston, MA 02122

Susan Houlihan
1815 S. Meyer Road
Suite 550
Oakbrook Terrace, IL 60181

Tecta America New England, LLC.
285 Circuit Street
Hanover, MA 02339

Temperature Equipment Corp.
Lockbox 774503
4503 Solutions Center
Chicago, IL 60677

The Alphabet Shop, Inc.
300 East Elgin Ave
Elgin, IL 60120

The Buchholz Architectural Gro
123 Columbia Turnpike
Ste. 204A
Florham Park, NJ 07932-2121

The Davey Tree Expert Company
25255 Pleasant Valley Rd.
Chantilly, VA 20152

The Locksmith, Inc.
173 Concord Street
Framingham, MA 01702

The Sherwin Williams Co.
11025 Lee Hwy. Ste. F
Fairfax, VA 22030

The Simpson Corp.
41 Flint Street
Salem, MA 01970

Thyssenkrupp Elevator Corp.
7481 N.W. 66th St.
Miami, FL 33166-2801

Town of Southborough
17 Common Street
Southborough, MA 01722

Township of Piscataway
455 Hoes Lane
Municipal Complex
Piscataway, NJ 08854

Triple "S" Services Inc.
9160 Prince William St.
Manassas, VA 20110

Tropical Expressions 2 Inc.
201 Davis Dr., Ste. T
Sterling, VA 20164-4418

Tyco Integrated Security LLC
10405 Crosspoint Blvd.
Indianapolis, IN 46256

UniFirst Corp.
2045 N 17th Avenue
Melrose Park, IL 60160

{CRP2/001/00042435.DOC/}

U.S. Bank National Association
c/o Keith Michael Brandofino
Maximiliano Rinaldi
Kilpatrick Townsend & Stockton LLP
1114 Avenue of the Americas
New York, NY  10036

U.S. Bank National Association
c/o LNR Partners, LLC
Attn:  Director of Servicing
1601 Washington Ave.
Miami Beach, FL  33139

United Lighting & Supply
808 Beverly Pkwy
Pensacola, FL  32505

Verity Commercial LLC
11490 Commerce Park Dr.
#500
Reston, VA  20170

Verizon
140 West St.
New York, NY  10007

Verizon
PO Box 4833
Trenton, NJ 08650

Verizon New York, Inc.
P.O. Box 33078
St. Petersburg, FL  33733

Village of Lisle
925 Burlington Ave.
Lisle, IL 60532-1838

Voltz Electrical Co, LLC
16 Callahan Street
East Hanover, NJ  07936

Walsh/Cochis Associates, Inc.

1165 Randolph St.
Canton, MA  02021

Waltham Services
817 Moody Street
Waltham, MA 02453

Waste Management of New Jersey
100 Avenue A
Newark NJ, 07114

Wayne Adverising Agency, Inc.
178 Route 206
Ste. A
Hillsborough, NJ  08844

WB Mason
59 Center Street
Brockton, MA 02301-4075

Weathershield
2015 U.S. Route 34
Unit E
Oswego, IL 60543

Webb Signs, Inc.
10612 Warwick Ave.
Fairfax, VA 22030

Wisthoff Industries, Ltd.
948 Greenbay Rd.
Winnetka, IL 60093

WLC Enterprises,
1032 National Parkway
Schaumburg, IL 60173

World Networks
5732 E Boniwood Turn
Clinton, MD 20735

W.W. Grainger
100 Gainger Pkwy.
Lake Forest, IL  60045

W.W. Grainger

{CRP2/001/00042435.DOC/}

2701 Ogden Ave.                          Arlington Heights, IL 60005
Downers Grove, IL 60515

                                         Z-Lights, Inc.
W.W. Grainger                            30 Rumford Park Ave
475 E. Algonquin Rd.                     Woburn, MA 01801