**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRP-2 Holdings AA, L.P., | ) | Case No. 15-24683 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |

**NOTICE OF MOTION**

**To:** See Attached Service List

On January 5, 2016 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Donald R. Cassling, or any judge sitting in his stead, in the courtroom usually occupied by him in Room 619 of the of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and shall then and there present the **First and Final Application of Levenfeld Pearlstein, LLC as Prior Counsel to the Official Committee Of Unsecured Creditors**, a copy of which is attached here and served upon you.

Date: December 15, 2015

**The Official Committee Of Unsecured Creditors of CRP-2 Holdings AA, L.P.**

By: /s/ Elizabeth B. Vandesteeg
    One of Its Attorneys

Jonathan P. Friedland, Esq.
Elizabeth B. Vandesteeg, Esq.
Jack O'Connor, Esq.
SUGAR FELSENTHAL GRAIS & HAMMER LLP
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951

SFGH:4822-1907-5372V1

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2015, a true and correct copy of the *First and Final Application of Levenfeld Pearlstein, LLC as Prior Counsel to the Official Committee Of Unsecured Creditors* was served via the Court's CM/ECF system upon all registered counsel and parties of record and also via First Class U.S. Mail to all the parties identified on the attached US Mail Service List on December 15, 2015.

Date: December 15, 2015            By: /s/ Elizabeth B. Vandesteeg
                                                                                                        One of the Committee's Attorneys

*Via U.S. Mail*

| | |
|---|---|
| Catherine Guastello Allen on behalf of Creditor U.S. Bank National Association, as Trustee Venable LLP 575 7th Street, NW Washington, DC 20004 | Bancroft, Richman & Goldberg LLC c/o Matthew J. Goldberg 33 W. Monroe St., Ste. 2000 Chicago, IL 60603 |
| Claims Recovery Group LLC 92 Union Avenue Cresskill, NJ 07626 | Fair Harbor Capital, LLC P.O. Box 237037 New York, NY 10023 |
| Leah Eisenberg on behalf of Interested Party Andrew Panacione Arent Fox LLP 1675 Broadway New York, NY 10019 | Gregory Cross on behalf of Creditor U.S. Bank National Association, as Trustee Venable LLP 575 7th Street, NW Washington, DC 20004 |
| Christine Okike on behalf of Interested Party Colony Realty Partners II Reit Skadden Arps Slate Meagher & Flom LLP 4 Times Square New York, NY 10036 | Evan R. Levy on behalf of Interested Party Colony Realty Partners II Reit Skadden Arps Slate Meagher & Flom LLP 4 Times Square New York, NY 10036 |
| Sonar Credit Partners III, LLC 80 Business Park Dr., Ste. 208 Armonk, NY 10504 | Joseph D. Frank FrankGecker LLP 325 N. LaSalle St., Ste. 625 Chicago, IL 60654 |
| Office of the U.S. Trustee, Region 11 c/o M. Gretchen Silver 219 S Dearborn St Room 873 Chicago, IL 60604 | Frederick W H Carter on behalf of Creditor U.S. Bank National Association, as Trustee Venable LLP 575 7th Street, NW Washington, DC 20004 |

SFGH:4822-1907-5372v1

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | |
| CRP-2 HOLDINGS AA, L.P. ) | Honorable Judge Donald R. Cassling |
| ) | |
| ) | Case No. 15-24683 |
| Debtor. ) | |

## FIRST AND FINAL FEE APPLICATION OF LEVENFELD PEARLSTEIN, LLC AS PRIOR COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CRP-2 HOLDINGS AA, L.P. FOR ALLOWANCE AND COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JUNE 16, 2014 THROUGH OCTOBER 31, 2014

| | |
|---|---|
| Name of Applicant: | Levenfeld Pearlstein, LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | Order entered September 2, 2015, nunc pro tunc to August 3, 2015 |
| Period for Which Compensation is Sought: | August 3, 2015 through September 22, 2015, plus time incurred related to this Application |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $37,572.00 |
| Amount of Expenses Sought for Reimbursement as Actual, Reasonable and Necessary: | $99.75 |

This is a  __ monthly  __quarterly   _x_  final application.

This is Levenfeld Pearlstein, LLC's first interim and final fee statement in this case.

3

SFGH:4822-1907-5372V1

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| CRP-2 HOLDINGS AA, L.P. | ) | Honorable Judge Donald R. Cassling |
| | ) | |
| | ) | Case No. 15-24683 |
| Debtor. | ) | |

**FIRST AND FINAL FEE APPLICATION FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR LEVENFELD PEARLSTEIN, LLC AS PRIOR COUNSEL FOR THE
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

Levenfeld Pearlstein, LLC ("***Levenfeld***"), prior counsel for the Official Committee of Unsecured Creditors, appointed in this Chapter 11 case of CRP-2 HOLDINGS AA, L.P. (the "***Debtor***"), hereby files its First Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "***Application***") for legal services rendered on behalf of the Committee during the period from August 3, 2015 through September 22, 2015 pursuant to §§ 330 and 331 of the United States Code (the "***Bankruptcy Code***"). By this Application, Levenfeld seeks approval and allowance of compensation in the amount of $37,572.00 for actual and necessary legal services rendered by Levenfeld on behalf of the Committee and reimbursement of reasonable out of pocket expenses in the amount of $99.75 for a total of $37,572.00 These amounts represent 100% of the actual fees and expenses incurred by Levenfeld for legal services rendered on behalf of the Committee.

In support of this Application, Levenfeld respectfully states as follows:

4

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief sought herein are Bankruptcy Code § 327(a) and Rule 2014(a) of the Bankruptcy Rules.

**Background**

3. On July 21, 2015, (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On August 3, 2015, the Creditors' Committee was appointed in this case.

5. On September 2, 2015, the Court entered an Order approving the Committee's retention of Levenfeld Pearlstein, LLC as counsel to the Official Committee of Unsecured Creditors, retroactive to the date the Committee was appointed, August 3, 2015 [Dkt. 116].

6. On October 13, 2015, upon Application of the Official Committee of Unsecured Creditors, the Court approved the retention of Sugar Felsenthal Grais & Hammer LLP as substitute counsel for the Committee effective as of September 21, 2015.

7. With the exception of the time spent on this Application, Levenfeld has not incurred any fees or expenses on behalf of the Committee after September 22, 2015.

8. Pursuant to this Application, Levenfeld seeks allowance and payment of its fees and reimbursement of its out-of-pocket expenses in the total amount of $37,572.00

**Relief Requested**

9. This is Levenfeld's first and final fee application. The Application covers the time period between August 3, 2015 and September 22, 2015 (the "*Fee Application Period*"), plus time incurred for preparing this Application.

5

10. During the Fee Application Period, Levenfeld has rendered actual and necessary legal services to the Committee. These services included, but were not limited to: reviewing various pleadings and cash collateral orders filed by the Debtor and others, and objecting as appropriate; and reviewing and analyzing the Debtor's Plan and Disclosure Statement.

11. The legal services provided by Levenfeld to date have been subdivided into the following categories: (1) Case Administration; (2) Financing; (3) General Creditors Committee and Creditor Communications (4) Hearings; (5) Retention - Professionals; (6) Plan and Disclosure Statement; (7) Investigation; and (8) First Day Matters. The breakdown of costs related to services rendered during the Fee Application Period are as follows:

| **Attorney** | **Specialty** | **Hours** | **Hourly Rate** |
|---|---|---|---|
| Jonathan P. Friedland | Restructuring | 29.0 | $550.00 |
| Elizabeth B. Vandesteeg | Restructuring | 42.8 | $475.00 |
| Izabela Kropiewnicka | Legal Coordinator | 0.8 | $115.00 |
| Jamie L. Burns* | Litigation | 3.0 | $400.00 |
| *Fees Incurred after 9/22/15 related to preparing this Application only | | | |

The hourly rates listed above are customary and reasonable and are the same hourly rates charged to Levenfeld's non-bankruptcy clients for various other matters.

12. The fees sought by Levenfeld during the Fee Application Period, in each of the aforesaid billing categories are summarized as follows:

| **EXHIBIT** | **TITLE OF CATEGORY** | **FEES SOUGHT** |
|---|---|---|
| A | Case Administration | $757.50 |
| B | Financing | $8,609.50 |
| C | General Creditors' Committee & Creditor Communication | $11,117.50 |
| D | Hearings | $2,705.00 |
| E | Retention - Professionals | $3,442.50 |
| F | Plan and Disclosure Statement | $7,787.50 |
| G | Investigation | $380.00 |
| H | First Day Matters | $2,772.50 |

6

SFGH:4822-1907-5372V1

13.     There has been no duplication of services, either by partners or associates of Levenfeld. When two or more attorneys participated in any activity such joint participation was necessary as a result of either the complexity of the problems involved or the need to familiarize each attorney with the matters at issue so that each attorney could perform further necessary work.

14.     The tasks performed and time expended by Levenfeld in each of the listed categories and expenses incurred by Levenfeld are set forth in the attached exhibits and are summarized as follows:

> EXHIBIT A – Case Administration. This category includes time reviewing overall case strategy, attention to organizational matters and critical deadlines, time spent reviewing court documents and updating case files. Levenfeld spent 7.5 hours of time (JPF:0.6; EBV:0.9) on the forgoing services, as is more fully described in Exhibit A. Said services have a value of $757.50 for which Levenfeld is seeking compensation.

> EXHIBIT B – Financing. This category includes time spent reviewing budgets and cash collateral orders and filing objections to the cash collateral orders. Levenfeld spent 17.2 hours of time (JPF: 7.3; EBV: 9.6; IK: 0.3) on the forgoing services, as is more fully described in Exhibit B. Said services have a value of $8,609.50 for which Levenfeld is seeking compensation.

> EXHIBIT C – General Creditors' Committee and Creditor Communication. This category includes all time spent updating the Creditors' Committee regarding case proceedings and time spent communicating with various creditors. Levenfeld spent 21.7 hours of time (JPF: 10.8; EBV: 10.9) on the forgoing services, as is more fully described in Exhibit C. Said services have a value of $11,117.50 for which Levenfeld is seeking compensation.

> EXHIBIT D – Hearings. This category includes preparation for and attendance at court hearings. Levenfeld spent 5.3 hours of time (JPF: 2.5; EBV: 2.8) on the forgoing services, as is more fully described in Exhibit D. Said services have a value of $2,705.00 for which Levenfeld is seeking compensation.

> EXHIBIT E – Retention – Professionals. This category includes time drafting, reviewing and editing Levenfeld's retention application and appearance papers as well as time spent reviewing the retention applications of other professionals retained in the case and time spent preparing this Application. Levenfeld spent 8.1 hours of time (JLB: 3.0; EBV: 4.6; IK: 0.5) on the forgoing services, as is more

fully described in Exhibit E. Said services have a value of $3,442.50 for which Levenfeld is seeking compensation.

EXHIBIT F – Plan and Disclosure. This category includes time reviewing and analyzing the proposed plan and disclosure statement filed in the case along with motions and proposed voting procedures related to same. Levenfeld spent 15.4 hours of time (JPF: 6.3; EBV: 9.1) on the forgoing services, as is more fully described in Exhibit F. Said services have a value of $7,787.50 for which Levenfeld is seeking compensation.

EXHIBIT G – Investigation. This category includes time communicating with U.S. Bank and Debtor's counsel regarding informal discovery requests. Levenfeld spent 0.8 hours of time (EBV: 0.8) on the forgoing services, as is more fully described in Exhibit G. Said services have a value of $380.00 for which Levenfeld is seeking compensation.

EXHIBIT H – First Day Matters. This category includes reviewing Debtor's schedules, SOFA and First Day Motions. Levenfeld spent 5.6 hours of time (JPF: 1.5; EBV: 4.1) on the forgoing services, as is more fully described in Exhibit H. Said services have a value of $2,772.50 for which Levenfeld is seeking compensation.

EXHIBIT I – Out-of-Pocket Expense Detail.

15.     Levenfeld respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the case required, and the costs of comparable services in other cases under Chapter 11, and that time has been fairly and properly expended.

16.     Based on the hourly charges of Levenfeld set forth above, Levenfeld requests that the Court determine and allow it $37,572.00 as compensation, and $99.75 for the reimbursement of its reasonable out-of-pocket expenses pursuant to §§ 330 and 331 of the Bankruptcy Code.

17.     Levenfeld provided notice of the Application to all of the Debtor's creditors and has also provided a copy of this Application to the Debtor's twenty largest creditors and other parties in interest requesting notice in this Case.

18.     No prior request for the relief sought in the Application has been made to this or any other court.

19. Except as set forth herein, Levenfeld has not previously sought compensation or reimbursement of expenses in connection with this case.

20. Levenfeld has not shared and will not share with others compensation for services rendered in this case, except for the sharing of such compensation among the partners of the Levenfeld, as permitted by Federal Rule of Bankruptcy Procedure 2016.

21. WHEREFORE, Levenfeld requests that an order be entered as follows:

A. Approving and allowing Levenfeld the aggregate amount of $37,572.00 in compensation for the period of August 3, 2015 through September 22, 2015, plus fees included for time incurred in preparing this Application;

B. Approving and allowing Levenfeld reimbursement of $99.75 due and owing from the actual and necessary expenses incurred in connection with such services for the period of August 3, 2015 through September 22, 2015;

C. Approving such amounts as an administrative expense in this case;

D. Granting Levenfeld such other and further relief as may be appropriate.

Date: December 15, 2015     **Levenfeld Pearlstein, LLC**

By:  /s/ Elizabeth B. Vandesteeg
     One of the Committee's Attorneys

Jonathan P. Friedland, Esq.
Elizabeth B. Vandesteeg, Esq.
Jack O'Connor, Esq.
SUGAR FELSENTHAL GRAIS & HAMMER LLP
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile:  312.372.7951

*Counsel to the Creditors' Committee*

9

SFGH:4822-1907-5372V1