# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRP-2 Holdings AA, L.P., | ) | Case No. 15-24683 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |

### NOTICE OF FILING

*Please take notice* that on February 5, 2016, I filed the *Committee's Response Opposing Lender's Motion to Dismiss*, a copy of which is attached here and served upon you.

Date: February 5, 2016

**The Official Committee Of Unsecured Creditors of CRP-2 Holdings AA, L.P.**

By:  /s/ Jonathan Friedland
         One of Its Attorneys

Jonathan P. Friedland, Esq.
Elizabeth B. Vandesteeg, Esq.
Jack O'Connor, Esq.
SUGAR FELSENTHAL GRAIS & HAMMER LLP
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:  312.372.7951

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2016, a true and correct copy of the *Committee's Response Opposing Lender's Motion to Dismiss* was served via the Court's CM/ECF system upon all registered counsel and parties of record in this case.

Date:  February 5, 2016                              By: /s/ Jack O'Connor
                                                                          One of Its Attorneys

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRP-2 Holdings AA, L.P., | ) | Case No. 15-24683 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |

**COMMITTEE'S RESPONSE OPPOSING LENDER'S MOTION TO DISMISS**

The Official Committee of Unsecured Creditors (the "*Committee*") in the above-captioned chapter 11 case (the "*Case*"), files this response (the "*Response*") to the Motion to Dismiss (the "*Motion to Dismiss*," or, "*Motion*") filed by U.S. Bank, N.A. ("*US Bank*"), as trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2006-LDP9, Commercial Mortgage Pass-Through Certificates, Series 2006-LDP9 (the "*Trust*"), by and through CW Capital Asset Management LLC, solely in its capacity as Special Servicer ("*CWCAM*," and collectively with US Bank and the Trust, the "*Lender*"). (Dkt. 248.)

In support of its Response, the Committee states:

**I.   Preliminary Statement**

- The negotiated "consent dismissal," now before the Court only benefits the Lender and the Debtor, and is not in the best interest of creditors and the estate; conversion to chapter 7 is.

- The fact that the Motion is unopposed by the Debtor, when it has been locked in a two-party dispute with the Lender since the outset of the Case, raises suspicions regarding whether a deal has been cut between the Lender and the Debtor without disclosure to the Court, Committee, or other parties in interest.

- Bankruptcy is not supposed to serve as a venue for a debtor and its lender to engage in a two-party dispute, while forcing good faith participants in the process—including the Court—to waste valuable time and resources, all while administrative expenses are incurred that ultimately go unpaid.

- Allowing dismissal is inequitable, and will only serve to incent similar abuse of the chapter 11 process in the future.

- This Response is filed concurrently with the *Committee's Combined Objection to FrankGecker LLP's the First Interim Fee Application & Motion for Turnover of Property of the Estate*. At a minimum, the Motion to Dismiss should not be granted until the Committee's combined objection and motion are resolved.

II. **Background**

The Debtor filed this Case on July 21, 2015 (the "*Petition Date*"). At the same time, the Debtor filed a proposed plan of reorganization (the "*Plan*"), (Dkt. 15), which it eventually withdrew. (Dkt. 187.) The Case lingered on the Court's docket for nearly six months with little forward progress made by the Debtor, and on January 14, 2016, the Lender filed the Motion to Dismiss under Bankruptcy Code § 1112(b). (Dkt. 248.) Rather than opposing the Motion, the Debtor filed a response on February 2, 2016, consenting to dismissal. (Dkt. 269.)

III. **The Court Should Convert the Case to a Liquidation Under Chapter 7**

The Motion to Dismiss, and the Debtor's consenting response, are the latest in a series of acts taken without regard for the rights of general unsecured creditors in this Case. Conversion to chapter 7 is the better option, because dismissing the Case will only serve the Lender's, and—depending on whatever deal the Lender cut with the Debtor—the Debtor's, interests. Conversion to chapter 7 will allow an independent fiduciary to determine if there is value in the Debtor's property above the amount owed to the Lender. Conversion will also permit a chapter 7 trustee to investigate and pursue potential third party claims, which also may result in significant recoveries for unsecured creditors. *See In re BH S & B Holdings, LLC*, 439 B.R. 3422, 351 (Bankr. S.D.N.Y. 2010).

Under Bankruptcy Code § 1112(b)(1), the decision to convert or dismiss is predicated on what "is in the best interests of creditors and the estate." Interestingly, cases in which courts choose to convert, rather than dismiss, appear to be generally devoid of discussion as to why they chose conversion over dismissal. *See, e.g. In re Angel Fire Water Co., LLC*, 2015 WL 251570

(Bankr. D.N.M.) (unpublished); *In re Santiago*, 2015 WL 5919926 (Bankr. D.P.R.) (unpublished) (in stark contrast to this case, in *Santiago* it was uncontested that the secured creditor was undersecured). The Committee believes this is because courts are comfortable deferring to the business judgment of a creditors' committee on the question of whether conversion or dismissal is better for its constituents.[1] *See In re TMT Procurement Corporation*, 534 B.R. 912, 921 (Bankr. S.D. Tex. 2015) ("It is difficult to understand how conversion would be in the best interest of the creditors if the vast majority of creditors oppose the relief").

*Wherefore*, the Committee requests that the Court deny the Motion to Dismiss and instead convert the case to one under chapter 7.

Date: February 5, 2016

**The Official Committee Of Unsecured Creditors of CRP-2 Holdings AA, L.P.**

By:   /s/  Jonathan Friedland
        One of Its Attorneys

Jonathan P. Friedland, Esq.
Elizabeth B. Vandesteeg, Esq.
Jack O'Connor, Esq.
SUGAR FELSENTHAL GRAIS & HAMMER LLP
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.372.7951

---

[1] One case, *In re Material Management, Inc.*, 2014 WL 2468313, *3 (Bankr.D. Puerto Rico 2014) cites to 7 Collier on Bankruptcy ¶ 1112.04[7] (16th ed. 2013) for this test: (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal, (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted, (3) whether the debtor would simply file a further case upon dismissal, (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors, (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise, (6) whether any remaining issues would be better resolved outside the bankruptcy forum, (7) whether the estate consists of a "single asset", (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests, (9) whether a plan has been confirmed and whether any property remains in the estate to be administered, and (10), whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns. But even *Material Management* does not analyze the facts in light of each of these factors.